IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Arthur Gary Bryer : CIVIL ACTION
:
v. :
:
Metropolitan Life Insurance Company : NO. 09-1869

MEMORANDUM

Fullam, Sr. J. May 3, 2010

  The plaintiff, proceeding *pro se*, commenced this ERISA action by filing a complaint and a motion to proceed *in forma pauperis*. The motion was docketed on May 1, 2009, and after it was granted the complaint was docketed on May 7, 2009. The defendant filed a motion to dismiss the complaint on the grounds that it was filed too late. By order dated December 8, 2009, I converted the motion to dismiss into a motion for summary judgment, and gave the parties the opportunity to conduct discovery on the question of the timeliness of the suit.

  According to the complaint, the plaintiff was awarded long-term disability benefits effective July 21, 2002, and pursuant to the relevant benefits plan, he is entitled to a seven percent increase in his monthly benefit amount each year beginning 13 months after the award of benefits (i.e., starting on August 21, 2003). The plaintiff never received the increase. By letter dated March 4, 2005, then-counsel for Mr. Bryer appealed the denial of the disputed benefits; the request for an adjustment of benefits was denied by letter dated May 4, 2005, in

which the defendant writes that the decision "concludes the administrative review process" and the plaintiff has "the right to bring a civil action under Section 502(a)" of ERISA. The plaintiff filed suit nearly four years later.

The ERISA statute itself has no statute of limitations and the Third Circuit has borrowed Pennsylvania's four-year statute of limitations for contract claims. <u>Gluck v. Unisys Corp.</u>, 960 F.2d 1168, 1179 (3d Cir. 1992). The defendant argues that the parties may agree to a shorter period, providing that it is not unreasonable, <u>Hahnemann Univ. Hosp. v. All Shore, Inc.</u>, 514 F.3d 300, 306 (3d Cir. 2008), and that in this case, the plan provides for a three-year limitations period. The section of the plan relied upon by the defendant provides:

    Legal Actions

    No legal action of any kind may be filed against us:

    1.   within the 60 days after proof of Disability has been given; or
    2.   more than three years after proof of Disability must be filed. This will not apply if the law in the area where you live allows a longer period of time to file proof of Disability.

Plan at 30. I am not persuaded that this language unequivocally mandates a three-year limitations period, but I need not decide the question, because I conclude that even under a four-year statute of limitations, the plaintiff waited too long to file suit.

2

In this Circuit, the "statute of limitations begins to run when a plaintiff discovers or should have discovered the injury that forms the basis of his claim." Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 520 (3d Cir. 2008). A cause of action for unpaid benefits accrues when there has been "a repudiation of the benefits by the fiduciary which was clear and made known [to] the beneficiary." Id. at 520-21. Underpayment of a benefit constitutes a repudiation of full benefits and triggers the statute of limitations. Id. at 521. The record is clear that the plaintiff was well aware of the underpayment more than four years before filing suit, as evidenced by a number of letters between the defendant and Mr. Bryer's then-counsel, culminating in the letter of March 4, 2005, appealing the denial of increased benefits. Accord Lutz v. Philips Electronics North Am. Corp., 347 Fed. Appx. 773 (3d Cir. 2009) (unpublished) (holding that an ERISA claim accrued "when the [plaintiffs] began their 'repeated' complaints about the incorrect calculation of benefits.")

This result is not unfair. Even calculating from the earliest point at which the four-year limitations period could have been triggered, when the underpayment occurred (August 21, 2003), the plaintiff still had more than two years from the final denial of his claim on May 4, 2005, to file suit. The plaintiff was not deprived of the opportunity to pursue a court case. Cf.

3

Abena v. Metropolitan Life Ins. Co., 544 F.3d 880, 883 (7th Cir. 2008) ("The [district] court noted that MetLife did not complete the internal appeals process until April 16, 2003, but Abena still had seven months in which to file suit before the November 15, 2003 contractual deadline.").

In arguing that equitable tolling should apply to save his claims, the plaintiff describes health problems that he has endured and also notes his *pro se* status. I cannot find, however, that the plaintiff's difficulties can excuse the failure to file suit within the limitations period. The ERISA claim must be dismissed.

The plaintiff also seeks leave to amend his complaint to assert a state-law claim under Pennsylvania's consumer-protection statute, 73 P.S. §§ 201-202. The defendant argues that amendment would be futile because the federal law preempts such claims. Although the Third Circuit has not ruled on this issue, a number of my colleagues have concluded that preemption does bar application of the state statute. See Stout v. Am. Fed'n of State, County & Mun. Emples. Dist. Council 33, 2009 U.S. Dist. LEXIS 4198, * 8-9 (E.D. Pa. Jan. 20, 2009) (collecting cases). The motion to amend therefore will be denied.

Finally, the plaintiff filed a motion to compel responses to interrogatories and to strike the defendant's responses to requests for admissions as untimely. The

interrogatories have no bearing on whether the plaintiff's suit was timely; and the short delay in responding to the requests for admissions caused no prejudice.  These motions will also be denied.

An appropriate order will be entered.

                              BY THE COURT:


                              /s/ John P. Fullam
                              John P. Fullam,     Sr. J.